UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFREEY O.R.,<br>Petitioner,<br>v.<br>TODD BLANCHE, et al.,<br>Respondents. | No. 1:26-cv-09090-MKD<br>A# 244-667-214<br>ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART, REQUIRING BOND HEARING, AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br>**ECF No. 2** |

Petitioner, an immigration detainee at Central Valley Annex, seeks a writ of habeas corpus under 28 U.S.C. § 2241 and moves for a temporary restraining order requiring his immediate release. ECF Nos. 1, 2. For the reasons discussed below, the Court grants the Petition in part and denies the motion for a temporary restraining order as moot.

**BACKGROUND**

Petitioner is a native and citizen of Venezuela. ECF No. 6 at 5. On August

13, 2024, he presented at the Hidalgo, Texas, port of entry with a scheduled CBP appointment and was paroled into the United States pending removal proceedings. *Id.* at 11. His parole was authorized through August 12, 2026. ECF No. 2-3 at 26. He thereafter lived in Daly City, California, worked, and helped support his wife and her daughter. ECF No. 2-4 at 9. He seeks asylum based on his asserted fear of persecution in Venezuela. *Id.* at 8.

Petitioner was arrested on February 8, 2026, in connection with a criminal matter in San Mateo County, California. ECF No. 6 at 21. On May 14, 2026, he pleaded no contest to misdemeanor assault under California Penal Code § 240. ECF No. 2-3 at 33-34. The court imposed three years of probation and ten days in jail, with five days of credit. *Id.* Petitioner began a work program on August 6, 2026, and completed it on August 24, 2026. *Id.* at 42.

On October 5, 2026, ICE officers arrested Petitioner outside his Daly City residence. ECF No. 6 at 14-15. ICE identified his criminal history as a material change in circumstances supporting his return to custody. *Id.* Petitioner declares that he has not received an immigration bond hearing. ECF No. 2-4 at 9. Respondents report that his removal proceedings remain pending, with no hearing currently scheduled. ECF No. 6 at 2.

## DISCUSSION

Respondents contend that Petitioner remains subject to mandatory detention

under 8 U.S.C. § 1225(b)(2)(A) and has no right to freedom from immigration detention beyond that provided by Congress. ECF No. 6 at 2. The Court rejected the same categorical argument in *Roque Diaz v. Warden*, No. 1:26-cv-08234 (E.D. Cal. Oct. 30, 2026), ECF No. 7 at 2-4. There, the Court distinguished the limits on rights concerning admission from the constitutional protections governing continued detention after release into the community. *Id.* at 3. "Admission and detention occupy fundamentally different positions in our legal order." *Padilla v. United States Immigr. & Customs Enf't*, 192 F.4th 894, 914 (9th Cir. 2026). Applying that distinction, the Court assumed that § 1225(b) governed and held that the petitioner's continued detention following expired humanitarian parole required an individualized bond hearing. *Roque Diaz*, ECF No. 7 at 4-5. The Court adheres to that approach here and assumes without deciding that § 1225(b) governs Petitioner's detention. The Court therefore addresses whether Petitioner's continued detention, following more than two years of release and without an individualized custody determination, comports with due process.

Decisions concerning criminal detention "provide useful guidance in determining what process is due non-citizens in immigration detention." *Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017). In the criminal parole context, the Supreme Court recognized that conditional release permits a person to work, associate with family and friends, and form "the other enduring attachments

of normal life." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). The resulting liberty is constitutionally protected and "[i]ts termination calls for some orderly process, however informal." *Id.* Petitioner's release similarly allowed him to establish a home, work, and support his family. ECF No. 2-4 at 9. His interest in continued freedom rests on the physical liberty he exercised following that release. The expiration of his parole does not, under these circumstances, eliminate the need for constitutionally adequate procedures governing his continued confinement. *See Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1109 (E.D. Cal. 2025) ("petitioner's liberty interest did not expire along with his parole").

The required procedures depend on "the private interest that will be affected," "the risk of an erroneous deprivation" and the likely benefit of additional safeguards, and "the Government's interest," including the burdens those safeguards would impose. *Hernandez*, 872 F.3d at 993 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)). Those factors favor a hearing here.

Petitioner's interest in physical liberty is substantial, particularly after more than two years of residence in the community. Before his detention, he worked and helped support his wife and her daughter. ECF No. 2-4 at 9. His newborn daughter required intensive care following her premature birth shortly before his arrest. ECF No. 2-3 at 44. Petitioner reports that his detention has prevented him from supporting his family and assisting his wife during her recovery from a

cesarean section. ECF No. 2-4 at 10.

The risk of erroneous deprivation is also substantial because the record contains no individualized determination by a neutral decisionmaker that Petitioner's continued detention is warranted. Petitioner declares that he has not received an immigration bond hearing. ECF No. 2-4 at 9. Respondents identify no individualized custody hearing and instead rely on their account of his criminal history to justify his detention. ECF No. 6 at 1-2. The records supporting that account contain material discrepancies. Respondents describe August 6, 2026, as a second arrest for assault. ECF No. 6 at 1, 14-15. Their underlying record identifies that date as the beginning of work-program supervision in the same criminal case. *Id.* at 22. Petitioner's completion notice confirms that he began the program on August 6, 2026, and completed it on August 24, 2026. ECF No. 2-3 at 42. Respondents also describe the February arrest as involving child abuse with great bodily injury. ECF No. 6 at 1. While underlying record identifies the charge as "CHILD ABUSE W/O POSSIBLE GBI/DEATH," *id.* at 21, the criminal disposition establishes that Petitioner pleaded no contest to misdemeanor assault under California Penal Code § 240 on May 14, 2026, ECF No. 2-3 at 33-34. The battery and child endangerment charges were dismissed pursuant to the negotiated plea. *Id.* at 34. To be sure, the assault conviction is a development following Petitioner's release that warrants consideration in assessing danger to the

community. However, the discrepancies in Respondents' account demonstrate why that assessment should occur at an individualized hearing. Respondents may present evidence concerning the conviction and the underlying conduct, and Petitioner may respond with evidence concerning his criminal disposition, compliance with his sentence, and current circumstances.

Respondents have substantial interests in protecting the public and ensuring Petitioner's appearance in removal proceedings. A hearing would permit an immigration judge to assess those interests while considering Petitioner's criminal history, family support, proposed residence, and other evidence bearing on the necessity of continued custody. Petitioner identifies a proposed residence with his brother and states that he will attend his immigration hearings. ECF No. 2-4 at 10. The additional administrative burden of an individualized custody hearing is modest. *See Omer G.G.*, 815 F. Supp. 3d at 1111. On balance, Petitioner's continued detention without such a hearing violates due process as applied to his circumstances.

Petitioner seeks immediate release or, alternatively, release unless Respondents provide an individualized bond hearing. ECF No. 1 at 24. The Court grants the alternative relief. A prompt hearing will permit an immigration judge to assess Petitioner's conviction and current circumstances and determine whether continued detention is warranted. *See Omer G.G.*, 815 F. Supp. 3d at 1111-12.

This relief addresses Petitioner's continued detention without an individualized custody determination. The Court does not reach whether his initial arrest required a warrant or a prior hearing. The procedures upheld in *Rodriguez Diaz v. Garland* included an initial bond hearing on the merits and opportunities for further review. 53 F.4th 1189, 1209-10 (9th Cir. 2022). Here, Petitioner has received no comparable determination of whether his continued detention is warranted. Given his prior release and the absence of that review, Respondent must establish by clear and convincing evidence that Petitioner presents a flight risk or danger to the community sufficient to justify continued detention without bond. *See, e.g.*, *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011); *Omer G.G.*, 815 F.Supp.3d at 1112; *see also Rodriguez*, 53 F.4th at 1199 (explaining that *Singh* was based on general principles of due process); *accord Roque Diaz*, ECF No. 7 at 5-6.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Petition for Writ of Habeas Corpus, **ECF No. 1**, is **GRANTED in part**, as set forth below.

2. **Within fourteen days of this Order**, unless Petitioner requests a later date, Respondent **SHALL** provide Petitioner an individualized bond hearing before an immigration judge. At that hearing, "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community" to justify

detention without bond. *Singh*, 638 F.3d at 1203. If Respondents do not meet that burden, the immigration judge **SHALL** order Petitioner released on appropriate conditions.

3. In determining conditions of release and setting any bond, the immigration judge **SHALL** consider Petitioner's financial circumstances and alternative conditions of release. *See Hernandez*, 872 F.3d at 1000.

4. Respondents **SHALL** provide Petitioner at least 72 hours' written notice of the hearing in a language he understands. Petitioner **SHALL** be permitted to appear and be represented by counsel. Any counsel appearing on his behalf **SHALL** also receive at least 72 hours' notice.

5. Respondents **SHALL** provide a copy of this Order to the immigration judge presiding over the bond hearing and arrange for the hearing to be recorded.

6. If Respondent does not provide the required hearing within **fourteen days**, absent an extension requested by Petitioner, Respondents **SHALL** immediately release him.

7. Petitioner's Motion for Temporary Restraining Order, **ECF No. 2**, is **DENIED as moot**.

8. The Clerk of Court is directed to serve Central Valley Annex in McFarland, California, with a copy of this Order.

**IT IS SO ORDERED.** The Clerk of Court shall enter judgment for Petitioner and **CLOSE** this case.

DATED November 20, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE